IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BLACK & DECKER INC. and<br>BLACK & DECKER (U.S.) INC.,<br><br>  Plaintiffs,<br><br>  v.<br><br>NEWELL RUBBERMAID, INC.,<br><br>  Defendant. | )<br>)<br>)<br>)<br>)  Civil Action No.<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT FOR PATENT INFRINGEMENT,**
**AND DEMAND FOR JURY TRIAL**

Plaintiffs, Black & Decker Inc. and Black & Decker (U.S.) Inc. (collectively "Black & Decker"), complain of defendant Newell Rubbermaid, Inc. ("Newell") as follows:

1.  This is a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code. This Court has exclusive jurisdiction over the subject matter of the claim made under 28 U.S.C. § 1338(a).

**PARTIES**

2.  Black & Decker Inc. is a Delaware corporation having its principal place of business at 701 East Joppa Road, Towson, Maryland. Black & Decker Inc. owns and has standing to sue for the infringement of United States Patent No. 6,914,930 B2 entitled "Laser Level" that issued on July 5, 2005 ("the '930 patent"), a copy of which is attached hereto as Exhibit A.

3.  Black & Decker (U.S.) Inc. is a Maryland corporation having its principal place of business at 701 East Joppa Road, Towson, Maryland. Black & Decker (U.S.) Inc. is a leading

designer, manufacturer and marketer of power tools. Black & Decker (U.S.) Inc. is an exclusive licensee of the patents in suit, and has standing to sue for infringement of the patents in suit.

4.  Newell is a Delaware corporation having its principal place of business at 10B Glenlake Parkway, Suite 600, Atlanta, Georgia. Newell also has other office locations in the United States.

## VENUE AND PERSONAL JURISDICTION

5.  Venue is proper in this judicial district under 28 U.S.C. §§ 1391 (c)-(d) and 1400(b). Newell transacts business in this district, at least by offering to sell or selling infringing products by advertising on the Internet in such a way as to reach customers in Delaware, and has a registered agent for service of process in this district.

6.  Newell has sold a variety of power tools, including laser levels, through retail stores in Delaware and throughout the United States, and directly to customers in this judicial district.

## PATENT INFRINGEMENT

7.  Newell has infringed at least one claim of the '930 patent through, among other activities, the manufacture, use, importation, sale and/or offer for sale of the Newell Strait-Line Intersect Laser Level, Strait-Line Intersect Laser Level with Studfinder, Strait-Line Laser Level 30, Strait-Line Laser Level 120, and Strait-Line Laser Level ("the accused Newell Products").

8.  Newell, through its actions, has contributed to, or induced the infringement of the '930 patent in violation of 35 U.S.C. §271.

9.  Newell's infringement, contributory infringement and/or inducement to infringe has injured Black & Decker, and Black & Decker is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty.

10. Newell has been aware of the patents in suit and has, nonetheless, infringed the asserted claims of the patents with knowledge of the patents' scope and application to the accused Newell products. As a consequence, Newell's infringement, contributory infringement and/or inducement to infringe have been willful and deliberate, and have injured and will continue to injure Black & Decker unless and until this Court enters an injunction prohibiting further infringement -- specifically, enjoining further importation, manufacture, use, offer for sale and/or sale of power tools within the scope of the patents in suit, and enjoining Newell from contributing to and/or inducing infringement of the patents in suit.

WHEREFORE, plaintiffs, Black & Decker Inc. and Black & Decker (U.S.) Inc., respectfully request that the Court enter judgment on this Complaint against Newell Rubbermaid Inc., and against its subsidiaries, successors, parents, affiliates, agents, servants, employees and all persons in active concert or participation with them, and grant the following relief:

A.  An award of damages adequate to compensate Black & Decker for the infringement that has occurred, together with prejudgment interest from the date infringement of the patents in suit began;

B.  Increased damages as permitted under 35 U.S.C. § 284;

C.  A finding that this case is exceptional, and an award to Black & Decker of its attorneys' fees and costs as provided by 35 U.S.C. § 285;

D.  A permanent injunction prohibiting further infringement of the patents in suit; and,

E.  Such other and further relief as this Court or a jury may deem proper and just.

## JURY DEMAND

Black & Decker respectfully requests a trial by jury on all issues so triable.

ASHBY & GEDDES

*/s/ Steven J. Balick*
Steven J. Balick (I.D.#2114)
John G. Day (I.D. #2403)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, DE  19899
(302) 654-1888
(302) 654-2067 (fax)
sbalick@ashby-geddes.com
jday@ashby-geddes.com

*Attorneys for Plaintiffs*

*Of Counsel:*

Raymond P. Niro
Dean D. Niro
Sally Wiggins
NIRO, SCAVONE, HALLER & NIRO
181 W. Madison Street, Suite 4600
Chicago, IL 60602
(312) 236-0733
Fax: (312) 236-3137

Dated:  August 30, 2005
160890.1