IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BLACK & DECKER INC. and<br>BLACK & DECKER (U.S.) INC., | )<br>)<br>) | |
| Plaintiffs, | )<br>) | Civil Action No. 05-637-GMS |
| v. | )<br>) | |
| NEWELL RUBBERMAID INC.,<br>a Delaware Corporation, | )<br>)<br>) | |
| Defendant. | )<br>) | |

## JOINT STATUS REPORT

Pursuant to the Court's February 6, 2006 Notice of Scheduling Conference, Fed.R.Civ.P. 26(f) and Local Rule 16.2(b), counsel for the parties respectfully submit this Joint Status Report with respect to the agenda items to be addressed at the conference set for February 16, 2006.

1. **Jurisdiction and Service.**

This Court has jurisdiction over the subject matter of this action pursuant to the patent laws of the United States, Title 35 of the United States Code, and 28 U.S.C. §1338. Defendant Newell Rubbermaid Inc. ("Newell") is subject to this Court's personal jurisdiction and venue is proper. Newell has been served and has answered the Complaint.

2. **Substance of the Action.**

   A. **Plaintiffs' Position**

The Complaint filed by plaintiffs, Black & Decker, Inc. and Black & Decker (U.S.) Inc. (collectively "Black & Decker"), arises under the patent laws of the United States.

Black & Decker contends that Newell has knowingly and willfully infringed upon Black & Decker's U.S. Patent No. 6,914,930 B2 ("the '930 Patent") relating to its laser levels, as set forth below.

Black & Decker Inc. alleges that it owns and has standing to sue for the infringement of United States Patent No. 6,914,930 B2, entitled "Laser Level" which issued on July 5, 2005 ("the '930 patent"). Black & Decker alleges that Newell has infringed claims of the '930 patent through, among other activities, manufacturing, importing, using, selling and/or offering for sale laser levels, including, but not limited to, the Newell Strait-Line Intersect Laser Level, Strait-Line Intersect Laser Level with Studfinder, Strait-Line Laser Level 30, Strait-Line Laser Level 120 and Strait-Line Laser Level ("the accused Newell products"). Likewise, Newell, through its actions, knowingly has contributed to or induced the infringement of the '930 patent in violation of 35 U.S.C. §271.

### B. Defendant's Position

Newell denies that it infringes any valid claim of the '930 patent. Newell also denies that it has contributed to or induced the infringement of the patent-in-suit and denies that it has willfully infringed any claim of the '930 patent.

Newell also contends that the claims of the '930 patent are invalid.

In addition to its affirmative defenses, Newell has asserted counterclaims against Black & Decker for non-infringement of the '930 patent and invalidity of each claim of the '930 patent.

Newell also believes that Irwin Industrial Tool Co. ("Irwin") is the proper party to this litigation and should therefore be substituted for Newell. In Civil Action No. 05-731, currently pending before this Court, Irwin alleges that it owns and has standing to sue for the infringement

of U.S. Patent No. 6,935,034, entitled "Laser Line Generating Device" which issued on June 28, 2005 ("the '034 patent"). Irwin alleges that Black & Decker has infringed, and continues to infringe the '034 patent, by making, using, selling, offering to sell, and/or importing products in the United States that are within the scope of one or more claims of the '034 patent. In that law suit, Black & Decker answered Irwin's complaint denying the allegations and asserting affirmative defenses. As stated below, the parties have agreed that this action should be consolidated with Civil Action No. 05-731-GMS.

3. **Identification of Issues.**

Based upon the pleadings, the factual and legal issues disputed in this action are infringement, willful infringement, and validity of the patent in suit; and the amount of damages, if any. Additional issues may arise as additional information becomes available.

4. **Narrowing of Issues.**

Since discovery has not yet commenced, the parties cannot yet determine which issues, if any, may be narrowed by motion or agreement.

5. **Relief.**

Pursuant to 35 U.S.C. §284, Black & Decker seeks damages adequate to compensate it for Newell's alleged infringement of the patent-in-suit, including Black & Decker's lost profits and incremental lost profits. At a minimum, however, to the extent it is determined that Black & Decker is not entitled to its lost profits for the infringement of the patent-in-suit, Black & Decker will seek a reasonable royalty as provided in 35 U.S.C. §284. Black & Decker also seeks enhanced damages for Newell's willful infringement pursuant to 35 U.S.C. §284 and attorneys' fees pursuant to 35 U.S.C. §285. Permanent injunctive relief is also sought against Newell.

Newell seeks a declaratory judgment that all claims of the '930 patent are invalid and are not and have not been infringed by Newell.

6. **Amendment of Pleadings.**

The parties do not presently intend to amend their pleadings. However, the parties propose that October 26, 2006 is an appropriate deadline for making any necessary amendments.

7. **Joinder of Parties.**

The parties do not presently intend to join additional parties. However, the parties propose that May 26, 2006 is an appropriate date for joining any appropriate and necessary parties.

8. **Discovery, Expert Witnesses, and Schedule.**

8(a). **Discovery.**

The parties contemplate that discovery is necessary on the claims, defenses and counterclaims summarized above. The parties propose that each side be permitted to take 13 fact depositions.

Black & Decker anticipates that it will require discovery related to each of the following issues:

    i.    the design, manufacture, marketing, sales and operation of Newell's accused products that embody any of the inventions claimed in the '930 patent;

    ii.    Newell's infringement of the claims of the '930 patent;

    iii.    Newell's willful infringement of the '930 patent;

    iv.    the sales, revenues, costs and profits generated by Newell in the manufacture, use, import, sale or offer for sale of infringing products;

v. the amount of a reasonable royalty;

vi. the factual basis of Newell's affirmative defenses and counterclaims, including any opinion of counsel on which Newell intends to rely or any other documents on which Newell may rely in defense of Black & Decker's claims;

vii. the prosecution of the '930 patent; and

viii. third party discovery on the above listed issues.

Newell anticipates that it will require discovery on each of the following issues:

i. the factual basis for Black & Decker's claims, including literal infringement and infringement under the doctrine of equivalents of the '930 patent;

ii. the prosecution of the '930 patent and their counterparts;

iii. the conception, development, and reduction to practice by Black & Decker, or known to Black & Decker, or by the inventors, of the inventions claimed in the '930 patent;

iv. any use, sales or offers for sale by Black & Decker or others of the inventions claimed by the '930 patent;

v. documents, products, or systems that may constitute prior art with respect to the '930 patent;

vi. Black & Decker's enforcement of the '930 patent;

vii. the basis for Black & Decker's accusation of willful infringement;

viii. the basis for Black & Decker's damages claims;

ix. marketing, sales and profits from sales of laser level products;

x. royalty rates for patents directed to relevant technology; and

xi.  non-party discovery on the above listed issues.

The parties propose that all fact discovery should be initiated so that it will be completed on or before January 4, 2007.

**8(b). Expert Witnesses.**

The parties anticipate that they will retain experts with respect to the various matters that are in dispute. The parties propose that: expert discovery be initiated so that it will be completed by April 30, 2007; expert reports for the party bearing the burden of proof be served on or before February 23, 2007; and rebuttal expert reports be served on or before March 15, 2007.

**8(c). Schedule.**

The parties attach a joint proposed schedule as Exhibit A.

9. **Estimated Trial Length.**

The parties anticipate that a trial will require approximately seven (7) total trial days.

10. **Jury Trial.**

The parties have demanded a trial by jury on all issues so triable.

11. **Settlement.**

The parties are in agreement that the matter should be referred to Magistrate Judge Thynge for purposes of exploring ADR.

A telephone meeting was held on February 9, 2006 to discuss each of the above agenda items, and was participated in by:

>Sally J. Wiggins
>For Plaintiffs Black & Decker Inc. and Black & Decker (U.S.) Inc.
>
>Jeffrey H. Dean
>For Defendant Newell-Rubbermaid, Inc.

12. **Other Issues.**

In light of the substantial overlap in the technology at issue in the two cases, the parties agree that this action should be consolidated with Civil Action No. 05-731-GMS.

Dated: February 10, 2006

| Of Counsel: | ASHBY & GEDDES |
|---|---|
| Raymond P. Niro<br>Dean D. Niro<br>Sally J. Wiggins<br>Niro, Scavone, Haller & Niro<br>181 W. Madison Street, Suite 4600<br>Chicago, IL 60602<br>Phone: (312) 236-0733<br>Fax: (312) 236-3137 | By: /s/ Steven J. Balick<br>    Steven J. Balick (#2114)<br>    John G. Day (#2403)<br>    Tiffany Geyer Lydon (#3950)<br>    222 Delaware Avenue, 17th Floor<br>    P.O. Box 1150<br>    Wilmington, Delaware 19899<br>    Phone: (302) 654-1888<br>    Fax: (302) 654-2067<br>    Email: sbalick@ashby-geddes.com<br><br>Attorneys for Plaintiffs<br>BLACK & DECKER INC. and<br>BLACK & DECKER (U.S.) INC. |

| Of Counsel: | POTTER ANDERSON & CORROON LLP |
|---|---|
| Jeffrey H. Dean<br>Charles E. Juister<br>Cullen N. Pendleton, Ph.D.<br>Marshall Gerstein & Borun LLP<br>181 W. Madison Street, Suite 4600<br>Chicago, IL 60602<br>Phone: (312) 474-6300<br>Fax: (312) 474-0448 | By: /s/ Richard L. Horwitz<br>    Richard L. Horwitz (#2246)<br>    Kenneth L. Dorsney (#3726)<br>    Hercules Plaza, 6th Floor<br>    1313 N. Market Street<br>    Wilmington, Delaware 19899<br>    Phone: (302) 984-6000<br>    Fax: (302) 654-2067<br>    Email: rhorwitz@potteranderson.com<br>           dmoore@potteranderson.com<br><br>Attorneys for Defendant<br>NEWELL RUBBERMAID INC. |