IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BLACK & DECKER INC. and<br>BLACK & DECKER (U.S.) INC.,<br><br>          Plaintiffs,<br><br>     v.<br><br>IRWIN INDUSTRIAL TOOL CO.,<br><br>          Defendant. | )<br>)<br>)<br>)<br>)   C.A. No. 05-637-GMS<br>)<br>)<br>)<br>)<br>) |

## SCHEDULING ORDER

This _____ day of _____ 2006, the Court having conducted a Rule 16 Scheduling Conference pursuant to Local Rule 16.2(b) on February 16, 2006, and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation or biding arbitration;

IT IS ORDERED that:

1.   **Identification of Asserted Claims**.  The parties shall identify each claim that they intend to assert from their respective patents on or before March 7, 2006.

2.   **Rule 26(a) Initial Disclosures**.  Unless otherwise agreed to by the parties, they shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a) on or before March 14, 2006.

3.   **Joinder of other Parties and Amendment of Pleadings**.  All motions to join other parties shall be filed on or before May 26, 2006.  All motions to amend the pleadings on issues other than inequitable conduct shall be filed on or before May 26, 2006.  All motions to

1

amend the pleadings on the issue of inequitable conduct shall be filed on or before October 26, 2006.

    4.    **Reliance Upon Advice of Counsel**.  The parties shall inform each other whether they intend to rely upon advice of counsel as a defense to willful infringement no later than November 2, 2006.  A party that elects to rely on advice of counsel as a defense to willful infringement shall produce any such opinions on which it intends to rely no later than November 16, 2006.

    5.    *Markman* **Claim Construction Hearing**.

    a.    On or before May 8, 2006, the parties shall exchange lists of the claim terms that they believe need to be construed.

    b.    Each party shall serve its initial claim construction chart on its own patent on or before May 29, 2006.  Each party shall serve its initial claim construction chart on the opposing patent on or before June 19, 2006.

    c.    The parties shall meet and confer regarding narrowing and reducing the number of claim construction issues on or before July 17, 2006.

    d.    On or before August 31, 2006, the parties shall submit a Final Joint Claim Chart which shall include citations to intrinsic evidence.

    e.    The parties shall exchange opening claim construction briefs on September 18, 2006, and answering claim construction briefs on October 16, 2006.

    f.    A *Markman* claim construction hearing shall be held on November 20, 2006 at 10:00 a.m.  The *Markman* hearing is scheduled for the entire day, with half the time being allocated to the plaintiffs and half the time being allocated to the defendant.

6. **Discovery**. All fact discovery in this case shall be initiated so that it will be completed on or before January 4, 2007. Expert Discovery in this case shall be initiated so that it will be completed on or before April 30, 2007. Opening expert reports by the party bearing the burden of proof on each issue shall be served on or before February 23, 2007. Answering expert reports by the opposing party shall be served on or before March 15, 2007. Each side shall be permitted to take 13 fact depositions.

       (a) **Discovery and Scheduling Matters**. Should counsel find they are unable to resolve a discovery or scheduling matter, the party seeking the relief shall contact chambers at (302) 573-6470 to schedule a telephone conference. Not less than forty-eight hours prior to the teleconference, the parties shall file with the court, via electronic means (CM/ECF), a **joint, non-argumentative** letter agenda not to exceed two (2) pages outlining the issue(s) in dispute. A sample letter can be located on this court's website at www.ded.uscourts.gov. Should the Court find further briefing necessary upon conclusion of the telephone conference, unless otherwise directed, the party seeking relief shall file with the court a **TWO PAGE LETTER**, exclusive of exhibits, describing the issues in contention. The responding party shall file, within five (5) days from the date of service of the opening letter, an answering letter of no more than **TWO PAGES**. The party seeking relief may then file a reply letter of no more than **TWO PAGES** within three (3) days from the date of service of the answering letter.

7. **Confidential Information and Papers Filed under Seal**. Should counsel find it will be necessary to apply to the court for a protective order specifying terms and conditions for the disclosure of confidential information, they should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court within ten (10) days from the date of this

order. When filing papers under seal, counsel should deliver to the Clerk an original and two copies of the papers.

**If, after making a diligent effort, the parties are unable to agree on the contents of a joint proposed protective order, then they shall follow the dispute resolution process outlined in paragraph 5(a).**

8.  **Settlement Conference**. Pursuant to 28 U.S.C. § 636, this matter is referred to the United States Magistrate for the purpose of exploring the possibility of settlement. If the parties agree that the possibility of settlement may be enhanced by such referral, the parties shall contact Magistrate Judge Thynge to schedule a settlement conference with counsel and the clients.

9.  **Summary Judgment Motions**. Prior to filing any summary judgment motion, the parties must submit letter briefs seeking permission to file the motion. The opening letter brief shall be no longer than five (5) pages and shall be filed with the Court no later than May 15, 2007. Answering letter briefs shall be no longer than five (5) pages and filed with the court no later than May 22, 2007. Reply letter briefs shall be no longer than three (3) pages and filed with the Court on or before May 25, 2007. The Court shall hold a Status Conference to hear argument and to determine whether the filing of any motion for summary judgment will be permitted on June 4, 2007 at 9:00 a.m. **Unless the Court directs otherwise, no letter requests to file a motion for summary judgment may be filed at a time before the dates set forth in paragraph 9.**

10. **Case Dispositive Motions**. All case dispositive motions and an opening brief and affidavits, if any, in support of the motion shall be served and filed on or before June 18, 2007 or two weeks from the Court's ruling permitting the filing of summary judgment motions,

whichever is later.  Briefing will be presented pursuant to the court's Local Rules, unless the parties agree to an alternative briefing schedule.  Any such agreement shall be in writing and filed with the Court for the Court's approval.  Any request for extensions of time as set forth in this Scheduling Order **must** be accompanied by an explanation or your request will be denied.

      11.    **Applications by Motion**.  Except as provided in this Scheduling Order or for matters relating to scheduling, any application to the Court shall be by written motion, filed via electronic means (CM/ECF).  Unless otherwise requested by the Court, counsel shall **not** deliver copies of papers or correspondence to Chambers.  Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

      12.    **Oral Argument**.  If the Court believes that oral argument is necessary, the Court will schedule a hearing pursuant to Local Rule 7.1.4.

      13.    **Status/*Daubert* Conference**.  On or before _____ (one week prior to *Daubert* teleconference), the parties shall submit a joint agenda identifying any *Daubert* issues that the parties intend to raise. The Court will hold a telephone conference on _____ at _____ __.m. to discuss *Daubert* issues identified in the joint agenda.

      14.    **Pretrial Conference**.  On September 24, 2007, beginning at 10:00 a.m., the Court will hold a Pretrial Conference in Chambers with counsel.  Unless otherwise ordered by the Court, the parties should assume that filing the Joint Pretrial Order (a sample form of Pretrial Order can be located on this court's website at www.ded.uscourts.gov) satisfies the pretrial disclosure requirement of Federal Rule of Civil Procedure 26(a)(3).  Thirty (30) days before the Joint Proposed Pretrial Order is due, plaintiffs' counsel shall forward to defendant's counsel a draft of the pretrial order containing the information plaintiff proposes to include in the draft.

Defendant's counsel shall, in turn, provide to plaintiff's counsel any comments on the plaintiffs' draft as well as the information defendant proposes to include in the proposed pretrial order. Motions *in limine*: No party shall file more than 10 motions *in limine*. *In limine* motions shall be briefed on the following schedule: opening papers are due on July 30, 2007; answering papers are due on August 13, 2007; and reply papers are due on August 20, 2007. Opening and answering briefs shall not exceed five (5) pages and reply briefs shall not exceed three (3) pages. The parties shall file with the Court the joint proposed final pretrial order with the information required by the form of Final Pretrial Order which accompanies this Scheduling Order on or before August 27, 2006.

        15.    **Trial**. This matter is scheduled for a 7-day jury trial beginning at 9:00 a.m. on October 22, 2007.

        16.    **Scheduling.** The parties shall contact chambers, at (302) 573-6470, only in situations where scheduling relief is sought, and only then when ALL participating counsel are on the line for purposes of selecting a new date.

 

_____
United States District Judge

167037.1