IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BLACK & DECKER INC. and<br>BLACK & DECKER (U.S.) INC., | )<br>)<br>) |
| Plaintiffs, | ) C.A. No. 05-637-GMS |
| v. | ) **JURY TRIAL DEMANDED** |
| IRWIN INDUSTRIAL TOOL CO., | ) |
| Defendant. | ) |

### ANSWER, DEFENSES AND COUNTERCLAIM
### OF IRWIN INDUSTRIAL TOOL CO.

Defendant Irwin Industrial Tool Co. ("Irwin") answers the complaint of plaintiffs Black & Decker Inc. and Black & Decker (U.S.) Inc. (collectively, "B&D"), as follows:

**Nature of the Case**

1. Irwin admits that this is a claim for patent infringement under the patent laws of the United States and that this court has jurisdiction over the subject matter of such claims, but denies the remaining allegations of Paragraph 1.

**Parties**

2. Irwin admits that Exhibit A to the complaint purports to be a copy of U.S. Patent No. 6,914,930 B2, entitled "Laser Level," which bears an issue date of July 5, 2005 ("the '930 patent"). Irwin is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 2.

3. Irwin admits that Black & Decker (U.S.) Inc. manufactures and sells power tools. Irwin is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 3.

4. Admitted.

## Venue and Personal Jurisdiction

5.  Irwin admits that it has a registered agent for receipt of service of process in this district and that venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c), and 28 U.S.C. § 1400(b), but denies the remaining allegations of paragraph 5.

6.  Irwin admits that it has sold a variety of power tools, including laser levels, through retail stores in Delaware and throughout the United States but denies the remaining allegations of paragraph 6.

## Patent Infringement

7.  Denied.

8.  Denied.

9.  Denied.

10. Denied.

11. Further answering, Irwin denies infringement, both directly and indirectly, of any valid claim of the '930 patent.

## DEFENSES

12. Each of the claims of the '930 patent is invalid for failure to satisfy the requirements of patentability of the United States Patent Laws including, but not limited to, 35 U.S.C. §§ 102 and 103.

## COUNTERCLAIM

For its counterclaim against Black & Decker Inc. and Black & Decker (U.S.) Inc., Irwin states as follows:

## Nature of the Case

13. This is an action for declaratory relief and patent infringement arising under the United States Patent Laws, 35 U.S.C. § 1, *et seq.*, and the Declaratory Judgment Statute, 28 U.S.C. § 2201.

## Parties

14. Counter-plaintiff Irwin is a Delaware corporation with its principal place of business in Huntersville, North Carolina. Irwin is a leading manufacturer of professional grade hand tools and power tool accessories.

15. Counter-defendant Black & Decker Inc. alleges in this action to be a Delaware corporation with its principal place of business in Towson, Maryland.

16. Counter-defendant Black & Decker (U.S.) Inc. alleges in this action to be a Maryland corporation with its principal place of business in Towson, Maryland.

## Jurisdiction and Venue

17. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338 and 2201.

18. This Court has personal jurisdiction over counter-defendants, and venue is proper in this District, because counter-defendants have consented thereto by filing the underlying action against Irwin.

19. An actual case and controversy with respect to the infringement and validity of the claims of the '930 patent exists between Irwin and the Black & Decker counter-defendants by virtue of the Black & Decker counter-defendants having sued Irwin for infringement of the '930 patent.

## COUNT I
## DECLARATORY JUDGMENT OF NONINFRINGEMENT

20. Irwin incorporates paragraphs 13-19 of its counterclaim as if fully restated herein.

21. Irwin does not infringe, directly or indirectly, any valid claim of the '930 patent.

## COUNT II
## DECLARATORY JUDGMENT OF PATENT INVALIDITY

22. Irwin incorporates paragraphs 13-19 of its counterclaim as if fully restated herein.

23. Each of the claims of the '930 patent is invalid for failure to satisfy the requirements of patentability of the United States Patent Laws including, but not limited to, 35 U.S.C. §§ 102 and 103.

## COUNT III
## PATENT INFRINGEMENT

24. Irwin incorporates paragraphs 13-19 of its counterclaim as if fully restated herein.

25. On June 28, 2005, the United States Patent & Trademark Office issued U.S. Patent 6,935,034 B2, entitled "Laser Line Generating Device" ("the '034 patent").

26. A true and correct copy of the '034 patent is attached hereto as Exhibit A.

27. Irwin is the owner of all right, title and interest in and to the '034 patent, including the right to seek redress for infringement thereof.

28. B&D has infringed, and continues to infringe, the '034 patent, by making, using, selling, offering to sell, and/or importing products in the United States that are within the scope of one or more claims of the '034 patent.

29. B&D has also contributed to and/or induced the infringement of the '034 patent by others.

30. B&D's infringement, contributory infringement, and inducement of infringement entitles Irwin to money damages in an amount no less than a reasonable royalty.

31. B&D's infringement is ongoing and, unless enjoined by this Court, will cause Irwin irreparable harm.

## Prayer for Relief

WHEREFORE, Irwin prays that this honorable Court:

A. Enter judgment on Black & Decker's complaint in favor of Irwin, and against Black & Decker, and deny Black & Decker any relief in connection therewith;

B. Declare that Irwin does not infringe any valid claim of U.S. Patent No. 6,914,930;

C. Declare that each of the claims of U.S. Patent No. 6,914,930 is invalid;

D. That Black & Decker has infringed U.S. Patent No. 6,935,034;

E. That Black & Decker shall pay to Irwin damages not less than a reasonable royalty adequate to compensate Irwin for Black & Decker's infringement of U.S. Patent No. 6,935,034;

F. That Black & Decker shall pay to Irwin prejudgment interest for the period beginning when Black & Decker's infringement commenced;

G. If the facts demonstrate that Black & Decker's infringement was willful, that Black & Decker shall pay to Irwin increased damages pursuant to 35 U.S.C. § 284;

H. That Black & Decker, its subsidiaries, successors, parents, affiliates, agents, servants, employees, and all persons acting in active concert with them, be permanently enjoined from further making, using, selling, offering to sell, and importing products that infringe, or contribute to or induce the infringement by others of, U.S. Patent No. 6,935,034;

I. If the facts demonstrate that this is an exceptional case pursuant to 35 U.S.C. § 285, that Black & Decker shall compensate Irwin for its attorneys' fees and costs incurred in prosecuting this action; and

J. Award Irwin such other and further relief as this Court deems just and reasonable under the circumstances.

**JURY DEMAND**

Irwin hereby demands trial by jury of all issues properly so triable.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Jeffrey H. Dean
Charles E. Juister
MARSHALL GERSTEIN & BORUN LLP
233 South Wacker Drive
6300 Sears Tower
Chicago, Illinois 60606
Telephone: (312) 474-6300
Facsimile: (312) 474-0448

March 21, 2006
724490 / 29467

By: /s/ Kenneth L. Dorsney
   Richard L. Horwitz (#2246)
   Kenneth L. Dorsney (#3726)
   Hercules Plaza, 6th Floor
   1313 N. Market Street
   P.O. Box 951
   Wilmington, Delaware 19899
   Telephone: (302) 984-6000
   rhorwitz@potteranderson.com
   kdorsney@potteranderson.com

*Counsel for Defendant/Counterclaim Plaintiff*
*IRWIN INDUSTRIAL TOOL CO.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I, Kenneth L. Dorsney, hereby certify that on March 21, 2006, the attached document was hand-delivered to the following persons and was electronically filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following and the document is available for viewing and downloading from CM/ECF:

Steven J. Balick
John G. Day
Tiffany Geyer Lydon
Ashby & Geddes
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, DE 19899

I hereby certify that on March 21, 2006, I have Electronically Mailed the documents to the following non-registered participants:

Raymond P. Niro
Dean D. Niro
Sally Wiggins
Niro, Scavone, Haller & Niro
181 W. Madison Street, Suite 4600
Chicago, IL 60602
rniro@nshn.com
dniro@nshn.com
wiggins@nshn.com

By:   */s/ Kenneth L. Dorsney*
Richard L. Horwitz (#2246)
Kenneth L. Dorsney (#3726)
Potter Anderson & Corroon LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

708673