IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BLACK & DECKER INC. and<br>BLACK & DECKER (U.S.) INC.,<br><br>　　　　　Plaintiffs,<br><br>　　　v.<br><br>IRWIN INDUSTRIAL TOOL CO.,<br><br>　　　　　Defendant. | )<br>)<br>)<br>)<br>)　C.A. No. 05-637-GMS<br>)<br>)<br>)<br>)<br>)<br>) |

**BLACK & DECKER'S ANSWER TO DEFENDANT'S COUNTERCLAIM
REGARDING THE '930 PATENT AND BLACK & DECKER'S
COUNTERCLAIM AND DEFENSES REGARDING THE '034 PATENT**

Plaintiffs, Black & Decker Inc. and Black & Decker (U.S.) Inc. ("Black & Decker"), answer the counterclaim of defendant Irwin Industrial Tool Co. ("Irwin") as follows:

**Nature of the Case**

13.　This is an action for declaratory relief and patent infringement arising under the United States Patent Laws, 35 U.S.C. §1, *et seq.*, and the Declaratory Judgment Statute, 28 U.S.C. § 2201.

**Response:**

Admitted that defendant Irwin asserts an action for declaratory relief under the United States Patent Laws 35 U.S.C. § 1 and the Declaratory Judgment Statute 28 U.S.C. § 2201.

1

## Parties

14. Counter-plaintiff Irwin is a Delaware corporation with its principal place of business in Huntersville, North Carolina. Irwin is a leading manufacturer of professional grade hand tools and power tool accessories.

**Response:**

Admitted that Counter-plaintiff Irwin is a Delaware corporation with its principle place of business in Huntersville, North Carolina. As for the remaining allegations, denied.

15. Counter-defendant Black & Decker Inc. alleges in this action to be a Delaware corporation with its principal place of business in Towson, Maryland.

**Response:**

Admitted.

16. Counter-defendant Black & Decker (U.S.) Inc. alleges in this action to be a Maryland corporation with its principal place of business in Towson, Maryland.

**Response:**

Admitted.

## Jurisdiction and Venue

17. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338 and 2201.

**Response:**

Admitted that the Court has subject matter jurisdiction over defendant Irwin's counterclaim.

18. This Court has personal jurisdiction over counter-defendants, and venue is proper in this District, because counter-defendants have consented thereto by filing the underlying action against Irwin.

**Response:**

Admitted that the Court has personal jurisdiction over this matter and that venue is proper in this District for this matter.

19. An actual case and controversy with respect to the infringement and validity of the claims of the '930 patent exists between Irwin and the Black & Decker counter-defendants by virtue of the Black & Decker counter-defendants having sued Irwin for infringement of the '930 patent.

**Response:**

Admitted that an actual case or controversy exists between Irwin and Black & Decker with respect to infringement of the '930 patent, otherwise denied.

## COUNT I
## DECLARATORY JUDGMENT OF NONINFRINGEMENT ('930 PATENT)

20. Irwin incorporates paragraphs 13-19 of its counterclaim as if fully restated herein.

**Response:**

Black & Decker incorporates by reference its answers to paragraphs 13-19 herein.

21. Irwin does not infringe, directly or indirectly, any valid claim of the '930 patent.

**Response:**

Denied.

## COUNT II
## IRWIN'S DECLARATORY JUDGMENT
## OF PATENT INVALIDITY ('930 PATENT)

22. Irwin incorporates paragraphs 13-19 of its counterclaim as if fully restated herein.

**Response:**

Black & Decker incorporates by reference its answers to paragraphs 13-19 herein.

23. Each of the claims of the '930 patent is invalid for failure to satisfy the requirements of patentability of the United States Patent Laws including, but not limited to, 35 U.S.C. §§ 102 and 103.

**Response:**

Denied.

## COUNT III
## PATENT INFRINGEMENT ('034 PATENT)

24. Irwin incorporates paragraphs 13-19 of its counterclaim as if fully restated herein.

**Response:**

Black & Decker incorporates by reference its answers to paragraphs 13-19 herein.

25. On June 28, 2005, the United States Patent & Trademark Office issued U.S. Patent 6,935,034 B2, entitled "Laser Line Generating Device" ("the '034 patent").

**Response:**

Black & Decker admits that Exhibit A to the Answer, Defenses and Counterclaim of Irwin Tool Co. (D.I. 18) purports to be a copy of U.S. Patent No. 6,935,034 B2, entitled "Laser Line Generating Device." Black & Decker is without knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 25.

26. A true and correct copy of the '034 patent is attached hereto as Exhibit A.

**Response:**

Black & Decker admits that Exhibit A to the Answer, Defenses and Counterclaim of Irwin Tool Co. (D.I. 18) purports to be a copy of U.S. Patent No. 6,935,034 B2, entitled "Laser Line Generating Device."

27. Irwin is the owner of all right, title and interest in and to the 034 patent, including the right to seek redress for infringement thereof.

**Response:**

Black & Decker is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27.

28. B&D has infringed, and continues to infringe, the '034 patent, by making, using, selling, offering to sell, and/or importing products in the United States that are within the scope of one or more claims of the '034 patent.

**Response:**

Denied.

29. B&D has also contributed to and/or induced the infringement of the '034 patent by others.

**Response:**

Denied.

30. B&D's infringement, contributory infringement, and inducement of infringement entitles Irwin to money damages in an amount no less than a reasonable royalty.

**Response:**

Denied.

31. B&D's infringement is ongoing and, unless enjoined by this Court, will cause Irwin irreparable harm.

**Response:**

Denied.

## BLACK & DECKER'S COUNTERCLAIM

### Jurisdiction and Venue

32. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§1331, 1338 and 2201.

33. This Court has personal jurisdiction over Irwin, and venue is proper in this District, because Irwin has consented thereto by filing the infringement action against Black & Decker.

34. An actual case and controversy with respect to the infringement and validity of the claims of the '034 patent exists between Irwin and the Black & Decker by virtue of the Irwin having sued Black & Decker for infringement of the '034 patent.

### COUNT I – DECLARATORY JUDGMENT OF NONINFRINGEMENT OF THE '034 PATENT

35. This is an action for declaratory relief and patent infringement arising under the United States Patent Laws, 35 U.S.C. §1, et seq., and the Declaratory Judgment Statute, 28 U.S.C. § 2201.

36. Counter-defendant Black & Decker Inc. is a Delaware corporation with its principal place of business in Towson, Maryland.

37. Counter-defendant Black & Decker (U.S.) Inc. is a Maryland corporation with its principal place of business in Towson, Maryland.

38. Counter-plaintiff Irwin is a Delaware corporation with its principal place of business in Huntersville, North Carolina.

39. Black & Decker does not infringe, directly or indirectly, any valid claim of the '034 patent.

## COUNT II - DECLARATORY JUDGMENT
## OF PATENT INVALIDITY OF THE '034 PATENT

40. Black & Decker incorporates paragraphs 32-39 as if fully restated herein.

41. A reasonable opportunity for investigation or discovery is likely to provide evidentiary support that claims of the '034 patent are invalid for failure to satisfy the requirements of patentability of the United States Patent Laws, including, but not limited, to 35 U.S.C. §§ 101, 102, 103 and/or 112.

### **Prayer for Relief**

WHEREFORE, Black & Decker prays that the Court enter the following relief as to Irwin's Counterclaim:

A. A judgment on Irwin's Counterclaim in favor of Black & Decker, and against Irwin, denying Irwin any relief in connection therewith;

B. An order declaring that Black & Decker does not infringe any valid claim of U.S. Patent No. 6,935,034 B2;

C. An order declaring that each of the claims of the U.S. Patent No. 6,935,034 B2 is invalid; and

D. Such other and further relief as this Court deems just and reasonable under the circumstances.

### **JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38(b), Black & Decker hereby demands trial by jury of all issues properly so triable.

ASHBY & GEDDES

/s/ *John G. Day*

---
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, Delaware 19899
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com

*Attorneys for Defendant*

*Of Counsel:*

Raymond P. Niro
Dean D. Niro
Sally Wiggins
NIRO, SCAVONE, HALLER & NIRO
181 W. Madison Street, Suite 4600
Chicago, IL 60602
Telephone: (312) 236-0733
Facsimile: (312) 236-3137

Dated: April 10, 2006
168419.1

## CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of April, 2006, the attached **BLACK & DECKER'S ANSWER TO DEFENDANT'S COUNTERCLAIM REGARDING THE '930 PATENT AND BLACK & DECKER'S COUNTERCLAIM AND DEFENSES REGARDING THE '034 PATENT** was served upon the below-named counsel of record at the address and in the manner indicated:

| | |
|---|---|
| Richard L. Horwitz, Esquire<br>Potter Anderson & Corroon LLP<br>Hercules Plaza, 6th Floor<br>1313 N. Market Street<br>Wilmington, DE 19899 | HAND DELIVERY |
| Jeffrey H. Dean, Esquire<br>Marshall Gerstein & Borun LLP<br>6300 Sears Tower<br>Chicago, IL 60606 | VIA FEDERAL EXPRESS |

/s/ *John G. Day*
_____
John G. Day

164033.1